UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                              |
|------------------------------|---|------------------------------|
| BRIAN E. MAHONEY,            | ) |                              |
|                              | ) |                              |
| Plaintiff,                   | ) |                              |
|                              | ) |                              |
| v.                           | ) | Civil Action No. 13-12994-LTS |
|                              | ) |                              |
| HEARST CORPORATION, et al.,  | ) |                              |
|                              | ) |                              |
| Defendants.                  | ) |                              |

ORDER ON PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND LEAVE TO APPEAL

February 17, 2015

SOROKIN, J.

Pro se Plaintiff is an inmate at the Devens Federal Medical Center. He filed his complaint in this Court on November 18, 2013, and subsequently moved for leave to proceed in forma pauperis. Docket ##1, 2. Leave was granted on January 29, 2014. Docket #4.

Plaintiff amended his complaint on June 6, 2014, adding parties and changing the claims. Docket #21. The served Defendants, the Hearst Corporation and WMUR Television Station, then filed a motion to dismiss the amended complaint for failure to state a claim.[1] Docket #22. On August 18, 2014, Plaintiff moved to appoint counsel under the Sixth Amendment and pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, though he had brought a civil action. Docket #28. This Court denied his motion without prejudice. Docket #29.

---

[1] This was the second motion to dismiss, the first being based on the original complaint.

Ultimately, on October 15, 2014, the Court allowed Defendants' motion to dismiss with prejudice, citing Plaintiff's failure to plead facts which plausibly supported his claims,[2] and the Court closed the case.  Docket ##30, 31.

On October 17, 2014, the Court received Plaintiff's motion for reconsideration of the Court's August 25, 2014 ruling denying appointment of counsel.[3]  Docket #32.  In this motion Plaintiff asserted, for the first time, legal mental incompetence as grounds for appointment of counsel under Fed. R. Civ. P. 17(c)(2).  Docket #32.  He supported his motion with portions of a Bureau of Prisons Forensic Report evaluating his mental health.  Docket #32-1.  He also cited an order from a separate proceeding to determine Plaintiff's mental condition, wherein, on October 14, 2014, another session of this Court granted a Government petition to civilly commit the Plaintiff under 18 U.S.C. § 4246.  Memorandum and Opinion, United States v. Mahoney, No. 13-cv-11530-PBS, ECF No. 124 (D. Mass. Oct. 14, 2014).

The Court now notes that it appears Plaintiff previously had been adjudicated incompetent in a criminal proceeding in New Hampshire and was committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d).  Commitment Order, United States v. Mahoney, No. 11-cr-00006-JL, ECF No. 107 (D.N.H. June 29, 2012).  Several months later, the New Hampshire Court ordered that Plaintiff remain in the custody of the Attorney General and undergo risk assessment under the provisions of 18 U.S.C. § 4246.  Order, United States v. Mahoney, No. 11-cr-00006-JL, ECF No. 150 (D.N.H. Feb. 21, 2013).  As a result, Plaintiff's criminal case eventually was dismissed.  Endorsed Order, United States v. Mahoney, No. 11-cr-00006-JL, ECF March 11, 2014 (D.N.H. Mar. 11, 2014).

---

[2] Plaintiff's amended complaint alleged violations under 42 U.S.C. § 1983, and state common law claims for defamation and intentional infliction of emotional distress.  Docket #21.
[3] On November 19, 2014, Plaintiff sent an appeal of the denial to the First Circuit.  The appeal was returned to this Court on December 4, 2014, and entered on this docket as a Leave to Appeal.  Docket #34.

In light of the foregoing, there is a reasonable basis to conclude that Plaintiff is mentally incompetent, implicating Fed. R. Civ. P. 17(c)(2). In pertinent part, Fed. R. Civ. P. 17(c)(2) states that "[t]he court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Nonetheless, where a plaintiff proceeds in forma pauperis, as Mahoney does here, 28 U.S.C. § 1915(e)(2)(B) requires that "the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- . . . (ii) fails to state a claim on which relief may be granted; . . . ."

The First Circuit has not addressed the application of Rule 17(c)(2) under these circumstances. The Third Circuit, however, has said, "[i]n the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [as to the application of Rule 17] would usually occur after the preliminary merits screening under 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2)." Powell v. Symons, 680 F.3d 301, 307 (3d Cir. 2012).

Here, Plaintiff's amended complaint was dismissed for reasons authorized under 28 U.S.C. § 1915(e)(2)(B). In addition, Rule 17(c)(2) requires "appoint[ment of] a guardian" in certain circumstances, but Plaintiff seeks counsel.

Accordingly, Plaintiff's Motion for Reconsideration (Docket #32) is DENIED. The Court construes Plaintiff's appeal of the denial of appointment of counsel (Docket #34), returned to this Court by the First Circuit, as duplicative of his Motion for Reconsideration. It, also, is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge